JjPER CURIAM.
James A. Gray, et al brought suit against Morris W. Reed, et al, pursuant to the Louisiana Election Code L.S.A. R.S. 18:491-494, objecting to the candidacy of Morris W. Reed for the office of District Attorney for the Parish of Orleans. The trial court ruled in favor of the defendants and dismissed plaintiffs’ suit. Plaintiffs appealed to this Court for a hearing, en bane.

TRIAL COURT

In dismissing plaintiffs’ suit the trial court made findings of fact in his reasons for judgment, annexed hereto as Appendix “A”. He found that Reed had timely filed his resignation with the Secretary of State effective July 10, 1996 at 11:59 p.m. which was more than 24 hours prior to the filing of his qualification paper on July 12, 1996. He also found that Reed did not revoke his resignation by virtue of his actions on July 11, 1996. We find no error in his findings of fact and conclusions of law.
JaFACTS
There is no dispute over these facts:
1) Morris W. Reed signed a document before a notary and two witnesses giving notice to the Secretary of State of his resignation as Judge of Section A of the Orleans Parish Criminal District Court effective July 10, 1996 at 11:59 p.m.
2) The notice was mailed certified mail, return receipt requested sometime before midnight, July 10,1996.
3) A copy of the affidavit was delivered to an office of the Secretary of State in New Orleans on July 11, 1996 and a copy was received by the office of the Secretary of State in Baton Rouge on July 12th, 1996.
4) On July 15, 1996 the Secretary of State sent notice of the resignation to the Governor and Chief Justice of the Louisiana Supreme Court.
At trial, on July 22, 1996 testimony was offered by plaintiffs to prove that Reed had acted in a judicial capacity on the morning of July 11, 1996 in connection with the release of three defendants who were incarcerated in *81 parish prison. Contradictory testimony was offered on behalf of the defendant. The trial court made no conclusive findings of fact on this issue.
The appellants urge two grounds for rever-, sal:
1) The trial judge erred in holding that the resignation of a judge, for purposes of compliance with L.S.A. R.S. 42:39 is effective when mailed rather than when received by the Secretary of State.
2) The trial judge erred in holding that the exercise of judicial authority by a “resigned” judge at a time when his resignation is legally revocable, does not amount to a revocation of the resignation.
1 ¡¡Under the provision of L.S.A. R.S. 42:39 a judge is required to resign his office before he qualifies as a candidate for election to a. non-judicial office.
L.S.A. R.S. 42:39 provides in pertinent part:
After July 31, 1968, no person serving in ... the office of judge of any court ... shall be eligible to hold or become a candidate for any national, state or local elective office ... other than a candidate for the office of judge for the same or any other court.
The Provisions of Subsection (A) of this section shall not be construed as prohibiting any person from resigning from his office as judge of any court for the purpose of becoming a candidate for nomination or election to any national, state or local elective office for which he is qualified and eligible; provided, however, that the resignation of any such person shall be and is made not less than twenty-four hours prior to the date on which he qualifies as a candidate for nomination or election to the office to which he seeks nomination or election.
If any judge ... qualifies for any other elective position, ... without complying with the provisions of Subsection (B) set forth above, his qualification as a candidate for the other office shall ipso facto be null and void.
The procedure to effect a resignation is set out in L.S.A. R.S. 18:652-654:
§ 652. Resignations
A. Except for members of the legislature and the congress, all resignations of elected officials shall be filed with the secretary of state. Resignations may be filed in person or by certified mail, return receipt requested.
B. A resignation shall be in writing, shall be dated, may specify a prospective date on which the resignation is to be effective, and shall be signed by the official and duly acknowledged by him before an officer authorized to administer oaths.
1 ⅜§ 653. Transmission of resignations
The secretary of state shall immediately transmit notice of resignations to the authority required by law to make the appointment to fill the vacancy and to the authority required by law to call the election to fill the vacancy, if said authority is not the same as the authority required to make the appointment.
§ 654. Effect of fifing of resignations
A resignation shall become irrevocable three days after the day on which the secretary of state has transmitted the notice to the appropriate authority.
We find that L.S.A. R.S. 14:652 provides for a resignation to be filed with the Secretary of State in two ways, either by delivery in person or by mailing certified mail, return receipt requested. We further find that the fifing is accomplished by placing the document in the custody of the U.S. Postal Service for delivery as certified mail. Accordingly, Reed resigned as a judge when his affidavit of resignation was mailed by certified mail on July 10, 1996 which was at least 24 hours before he qualified on July 12, 1996.
We further hold that a revocation of a resignation must be clear and unequivocal. There is no evidence that Reed communicated any notice of revocation to the Secretary of State within the time prescribed by L.S.A. R.S. 18:654. Any actions he may have taken on July 11, 1996 cannot be construed as a revocation of his resignation.
Accordingly, we find no merit in appellants ' assignments of error.
*82 The judgment of the trial court is affirmed. Appellants are cast for all costs of the proceedings.

AFFIRMED.

SCHOTT, C.J., and PLOTKIN, J., dissenting.
APPENDIX A
CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA
DIVISION “J”
James A. Gray, II, et al
Versus
Morris W. Reed, et al
Docket No. 96-11434.

REASONS

This action was brought by James A. Gray, II, et al, plaintiffs herein, pursuant to the Louisiana Election Code L.S.A. R.S. 18:491 through 494, objecting to the purported candidacy of the defendant, Morris W. Reed, for the office of the District Attorney for the Parish of Orleans. Also of record herein are the stipulations of counsel.
This action is governed by the aforesaid provisions and R.S. 42:39 et al and R.S. 18:652 et al. James A. Gray, II has alleged that Morris W. Reed has not qualified timely. James A. Gray, II has further alleged that Reed exercised judicial authority on July 11, 1996 which amounted to a tacit revocation of his resignation. James A. Gray, II alleged that either of these actions disqualified Morris W. Reed as a candidate for the office of the District Attorney for the Parish of Orleans. Morris W. Reed contends that he has qualified for the primary election in the manner prescribed by law and within the time prescribed by law.
This court is of the opinion that Morris W. Reed qualified for the primary election in the manner prescribed by law and in the time prescribed by law, by timely filing with the Secretary of State his resignation twenty-four hours prior to July 12,1996, his resignation being effective as of July 10, 1996 at 11:59 p.m.
This court is further of the opinion that Morris W. Reed did not revoke his resignation by virtue of his actions on July 11, 1996. Regardless of whether defendant Reed exercised judicial authority on July 11, 1996 in calling Syntex for the purpose of effecting the release of three arrestees, Morris W. Reed was carrying out his judicial duties that were either pending or relevant to Section A of the Criminal District Court: duties which Judge Reed was obligated to perform until such time as his successor was appointed or elected. Accordingly, the evidence supports a determination by this court that Morris W. Reed’s actions subsequent to his resignation did not constitute a revocation of that resignation.
Qualification is an integral component of the election process and any law regulating this process must be interpreted mindful of this purpose.
Judgment will be rendered accordingly.
New Orleans, LA
July 22,1996